UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CRAIG D. VALERIO,<br>Petitioner,<br><br>vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:18-cv-823<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting a violation of his rights under the Eighth and Fourteenth Amendments relating to a disciplinary conviction. (Doc. 3). This matter is before the Court on the petition (Doc. 3) and respondent's motion to dismiss on cognizability grounds (Doc. 4), to which petitioner has not replied.

For the reasons stated below, respondent's motion to dismiss (Doc. 4) should be **GRANTED.**

Petitioner is currently serving a nine-year term of imprisonment on convictions entered in 2016 by the Warren County, Ohio, Court of Common pleas for illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, and possession of criminal tools. (Doc. 3, at PageID 27; *see also* Doc. 4, Exs. 1-3).

In his only ground for relief, petitioner does not contend that he is entitled to habeas relief on the basis of constitutional error occurring in the underlying Warren County criminal case. Instead, petitioner challenges a prison disciplinary conviction that resulted in petitioner's placement for a time in solitary confinement, an increase in his security classification level (from a Level One to a Level Two), and his ineligibility for unspecified "institutional programming." (Doc. 3, at PageID 31). For relief, petitioner seeks to have his Level-One security status

reinstated and his prison record expunged. (Doc. 3, at PageID 41).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). *See also Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (explaining that claims challenging "the fact or duration of . . . physical confinement" and "seeking immediate release or a speedier release from that confinement" lie at the "heart of habeas corpus"). As such, petitioner's allegations concerning his prison disciplinary conviction are cognizable in federal habeas corpus only if the disciplinary conviction affected the duration of his sentence. *Id. See also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie 'at the core of habeas corpus,' and may be brought, if at all, under [42 U.S.C.] § 1983.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Petitioner does not indicate that the challenged disciplinary conviction resulted in the loss of any good-time credits or otherwise increased the duration of his sentence. In the absence of such allegations, petitioner "raise[s] no claim on which habeas relief could have been granted on any recognized theory." *Muhammad*, 540 U.S. at 755.

Because nothing in the record indicates that petitioner's disciplinary conviction resulted in the loss of good-time credits or otherwise lengthened the term of his sentence, petitioner's sole claim for relief is not cognizable in a petition for federal habeas corpus. *See id.* at 750. *See also Lewis v. Trierweiler*, No. 1:16-cv-451, 2016 WL 3027204, at *2 (W.D. Mich. May 27, 2016) (dismissing § 2254 petition where sole claim challenged a disciplinary conviction "[b]ecause the misconduct conviction affected neither the fact nor duration of Petitioner's confinement" and thus "d[id] not raise issues cognizable on habeas review"); *Martin v. Tambini*, No. 3:07-cv-3857,

2008 WL 750553, at *3 (N.D. Ohio Mar. 19, 2008) (finding petitioner's challenge to his disciplinary conviction was not cognizable in federal habeas corpus where the "disciplinary conviction did not result in the loss of good conduct time or otherwise lengthen the term of his confinement").[1]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 4) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue with respect to the petition because petitioner has not stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 475 (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/5/19

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The proper course for this Court is to dismiss petitioner's § 2254 petition without prejudice, rather than converting it into a § 1983 civil rights action. *See Brock v. White*, No. 2:09-cv-14005, 2011 WL 1565188, at *4 (E.D. Mich. Apr. 25, 2011) ("Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court should not 'convert' a habeas petition to a civil action brought pursuant to 42 U.S.C. § 1983.").

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CRAIG D. VALERIO,
Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:18-cv-823

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).